UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: APPLICATION OF PAYWARD OCEANIC LTD. FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

26-mc-315 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On June 25, 2026, this Court granted Payward Oceanic LTD's ("Payward") Ex Parte Application for an Order Granting Leave to Obtain Discovery for Use in a Foreign Proceeding pursuant to 28 U.S.C. § 1782. Dkt. 10. In doing so, the Court allowed Payward to subpoena twelve banks, clearing houses, and credit card companies. *Id.* On September 22, 2026, Payward filed a letter motion requesting leave to subpoena and obtain discovery from one additional bank: Barclays Bank PLC ("Barclays"). Dkt. 12. The Court denied that motion without prejudice for want of evidence. Dkt. 14. Payward has since filed a renewed letter motion for discovery as well as another declaration that fills in some of the evidentiary holes that existed in its prior filing. Dkt. 16; Dkt. 17. The Court has reviewed that letter as well as the accompanying declaration of Renee Zaytsev and finds that Section 1782's statutory requirements are met, *see In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017), and that the so-called *Intel* factors favor granting the application. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)). Payward's letter motion is therefore GRANTED without prejudice to any objection that Barclays may raise, including that the motion does not meet the requirements of § 1782.

Payward is authorized, pursuant to § 28 U.S.C. § 1782, to issue and serve the subpoena in the form attached to the Zaytsev declaration, Dkt. 17-1, no later than **thirty days** from the date of this Order. Applicant shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order and assessing any supplemental request for discovery assistance.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 16 and close this case.

Dated: September 25, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge